UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CITY OF BRIDGEPORT,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br>DEPARTMENT OF THE ARMY, ET AL,<br><br>    Defendants. | 3:09-CV-0532 (CSH) |

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

  This Memorandum and Order memorializes and explains a ruling made by the Court at the conclusion of a hearing held on October 5, 2009.

  On October 2, 2009, the Stratford Water Pollution Control Authority ("WPCA"), proclaiming itself to be the owner of sanitary sewer lines running underneath State Highway 113 within the boundaries of the Town of Stratford, filed a motion under Federal Rule of Procedure 24(a)(2) to intervene as of right in the captioned action.

  On October 5, 2009, Plaintiff City of Bridgeport filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), applicable to this case because no opposing party had filed either an answer or a motion for summary judgment.

  That dismissal moots WPCA's pending motion to intervene. It is generally held that Rule 41(a)(1)(A)(i) confers upon a plaintiff an unfettered right to dismiss its action, provided no answer or motion for summary judgment has been filed by an opposing party, pleadings which do not include motions to intervene. "A motion to intervene should not affect the plaintiff's right to

dismiss as of right. Such a motion is neither an answer nor a motion for summary judgment, and since the proposed intervenor does not become a party to the action until the court grants the motion to intervene, *the pleading accompanying the intervention motion* should not be considered as one served by an opposing party under Rule 41(a)(1)(A)(i)." 8 *Moore's Federal Practice*, § 41.35[5][c][H] (3d ed. 2008) (emphasis added).[1] The court may not concern itself with the reasons why a plaintiff chose to voluntarily dismiss his complaint, *see Thorp v. Scarne*, 599 F.2d 1169, 1177 n. 10 (2d Cir. 1979) ("As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.").[2]

The mooting of WPCA's motion to intervene makes it unnecessary for the Court to consider the substantive grounds urged by Bridgeport for denying the motion, namely, the lack of standing of this agency of the Town of Stratford to sue in its own name, and whether, as Rule 24(a) requires, the motion to intervene was "timely," given the public notoriety this case has generated in the media, Stratford's awareness, actual or constructive, of the proceedings, and WPCA's conduct in waiting until the near finalization of a settlement of this complex matter between the several parties of record before moving to intervene.

---

[1] The italicized phrase in the quotation from *Moore* reflects the requirement in Rule 24(c) that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." In the case at bar, WPCA's barebones motion papers cannot be characterized as a "pleading" within the meaning of the Rule, a failure that would require denial of the motion even if Plaintiff had not filed a notice of voluntary dismissal.

[2] There is some authority for the proposition that in the context of a stipulated dismissal by all parties of record under Rule 41(a)(1)(A)(ii) a court, in the exercise of its inherent powers, may look behind the dismissal "to determine whether there is collusion or other improper conduct giving rise to the dismissal." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (citation and internal quotation marks omitted). Assuming without deciding that this principle applies to a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i), there is no suggestion that Plaintiff City of Bridgeport acted improperly in dismissing its complaint.

The motion of the Stratford Water Pollution Authority to intervene in the captioned case is DENIED as moot.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 6, 2009

                                                                    /s/ *Charles S. Haight, Jr.*
                                                                   Charles S. Haight, Jr.
                                                                  Senior United States District Judge